# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 31, 2013

Lyle W. Cayce
Clerk

No. 12-60090
Summary Calendar

ALDO JAVIER PENA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 652 177

Before  SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Aldo Javier Pena, a native and citizen of Mexico born on October 17, 1983, illegally entered the United States sometime before to April 30, 2001.  He did not obtain lawful permanent resident status until November 7, 2003, when he was twenty years old.  On July 29, 2009, he possessed a firearm, in violation of Section 39-17-1307 of the Tennessee Code, and he committed two controlled substance offenses—possession of marijuana and possession of dihydrocodeinone—in violation of Section 39-17-418.  He seeks review of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Board of Immigration Appeals ("the Board's") decision dismissing his appeal of the Immigration Judge's ("IJ's") denial of his application for cancellation of removal and his claim to derivative citizenship through his mother.

This court reviews the Board's factual findings for substantial evidence. *Khalid v. Holder*, 655 F.3d 363, 366 (5th Cir. 2011).  Applying *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984)*,* this court subjects the Board'] construction of the immigration statutes "to a deferential review."  *Deus v. Holder*, 591 F.3d 807, 809 (5th Cir. 2009). This deferential review asks (1) whether Congress has directly spoken to the precise issue involved, and if not, (2) whether the Board's answer is based on a permissible construction of the statute.  *See id.*

Eligibility for cancellation of removal requires seven years of continuous residence in the United States "after having been admitted in any status." 8 U.S.C. § 1229b(a)(2).  "Admitted," in this context, means that the alien lawfully entered the United States "'after inspection and authorization by an immigration officer.'" *Holder v. Martinez Gutierrez*, 132 S. Ct. 2011, 2015 n.1 (2012) (quoting 8 U.S.C. § 1101(a)(13)(A)).  Thus, Pena began to accrue time as a lawful resident in November 2003, when he obtained lawful resident status.  *See id.*  However, an alien stops accruing time of residence in the United States upon commission of a crime that makes him inadmissible.  8 U.S.C. § 1229b(d)(1); *see also Martinez Gutierrez*, 132 S. Ct. at 2015 n.2.  Therefore, Pena stopped accruing time of residence in the United States on the date he committed the controlled substances offenses, July 29, 2009.  *Id.*  Since less than seven years had elapsed since he obtained legal resident status, the IJ and the Board correctly found him ineligible for cancellation of removal.

Pena argues that under the Child Status Protection Act ("CSPA"), his age was "frozen" when his mother, after becoming a naturalized citizen, filed a petition on his behalf for lawful resident status when he was thirteen years old. He argues that his derivative citizen status should have been automatic on the

date his mother became a naturalized citizen. *See* 8 U.S.C. § 1431(a). Pena also suggests that he was lawfully admitted as an infant by virtue of his mother's naming him as a joint applicant on all of her applications.

Under the version of the derivative citizenship statute applicable to Pena, a child born outside of the United States automatically becomes a citizen of the United States when "(1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization[,]" (2) The child is less than eighteen years old, and "(3) The child is residing in the United States in the legal and physical custody of the citizen parent *pursuant to a lawful admission for permanent residence.*" *Id.* § 1431(a)(1)–(3) (emphasis added). Pena was twenty when he first obtained legal status. Since Pena failed to establish that he was admitted for lawful permanent residence while under the age of eighteen, the Board did not err in finding that he did not satisfy the statutory requirements for derivative citizenship. *Id.* § 1431(a)(3). This was a permissible construction of the statute. *See Marquez–Marquez v. Gonzales*, 455 F.3d 548, 550 n.3 (5th Cir. 2006); *Walker v. Holder*, 589 F.3d 12, 19–21 (1st Cir. 2009). Nor is there merit to Pena's arguments that under the CSPA, he automatically became a citizen when his mother was naturalized in May 1997 or that he retained his "child" status until the time he was admitted for permanent residence in 2003. The CSPA, 8 U.S.C. § 1153(h)(1)(A), is not applicable to the facts of this petition. Nor may Pena claim that his mother's lawful status was imputed to him prior to November 2003, or under the prior version of the derivative citizenship statute, 8 U.S.C. § 1432, for purposes of cancellation of removal. *Martinez Gutierrez*, 132 S. Ct. at 2014–15; *see Marquez-Marquez*, 455 F.3d at 550 n.3.

Accordingly, Pena's petition for review is DENIED.