# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60863
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2015

Lyle W. Cayce
Clerk

LUIS EDUARDO GONZALEZ-LUPERCIO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 930 920

Before SMITH, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Luis Eduardo Gonzalez-Lupercio (Gonzalez), a native and citizen of Mexico born on March 14, 1987, lived in this country with his father, who had become a naturalized citizen in January 1997. Gonzalez did not obtain lawful permanent resident status until October 6, 2005, just over six months after he turned eighteen years old. Several years later he was convicted in federal court of distribution of a controlled substance. Subsequently, Gonzalez was charged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because his drug-trafficking conviction was deemed an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43)(B). Gonzalez admitted all of the allegations against him except alienage; he argued that he had automatically acquired citizenship via his naturalized father under the Child Citizenship Act of 2000, 8 U.S.C. § 1431(a). He also conceded, that, if he could not prove his claim to citizenship, his prior conviction rendered him removable. Gonzalez moved to terminate the removal proceedings based on his claim to U.S. citizenship. The immigration judge (IJ) found that Gonzalez had not established his claim to U.S. citizenship, denied the motion to terminate, and ordered Gonzalez removed. Gonzalez now seeks review of the Board of Immigration Appeals (BIA) decision dismissing his appeal from the IJ's denial of his motion to terminate the removal proceedings and the denial of his claim to derivative citizenship through his father.

This court normally reviews the BIA's legal conclusions de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). However the legal issue here is the agency's interpretation of a statute, one that Gonzalez finds to be ambiguous and that the BIA found to be plain. Further, the BIA's decision in this case is an unpublished one issued by a single member, so the weight the decision is given "'depend[s] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" *Dhuka v. Holder*, 716 F.3d 149, 154-56 (5th Cir. 2013) (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)).

Under the version of the derivative citizenship statute applicable to Gonzalez, a child born outside of the United States automatically becomes a citizen of the United States "when *all* of the following conditions have been

fulfilled:" (1) one of the child's parents is a citizen of the United States, whether by birth or naturalization, "(2) The child *is under the age of eighteen years*[,]"and "(3) The child is residing in the United States in the legal and physical custody of the citizen parent *pursuant to a lawful admission for permanent residence.*" § 1431(a)(1)-(3) (emphasis added). Gonzalez turned eighteen just over six months before he first obtained legal status. Since Gonzalez failed to establish that he was admitted for lawful permanent residence while under the age of eighteen, the BIA did not err in finding that he did not satisfy the statutory requirements for derivative citizenship. *Id.* § 1431(a)(3). We have previously addressed this issue and concluded as much in *Pena v. Holder*, 521 F. App'x 347, 348 (5th Cir. 2013). Although *Pena*, as an unpublished decision has no precedential value, it is persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

Accordingly, Gonzalez's petition for review is DENIED.