# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

No. 11-60656
Summary Calendar

Lyle W. Cayce
Clerk

DENG MING LI,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 088 623 736

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Deng Ming Li, a native and citizen of the Peoples Republic of China

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("PRC"), petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").  Li argues that the IJ's adverse credibility finding was clearly erroneous because (1) the IJ determined that a portion of Li's testimony was implausible based on the IJ's personal opinion rather than the evidence, (2) the IJ reached his decision based on his mistaken impression that Li modified his original statement supporting his asylum application to make himself eligible for relief under an intervening decision in *Matter of J-S-*, 24 I.&N. Dec. 520 (A.G. 2008), and (3) the use of the video-conference format violated his due-process and statutory rights and impeded the IJ's ability to observe his demeanor, a factor relevant to the IJ's credibility determinations.

Li maintains that the IJ clearly erred in determining to be implausible Li's testimony that family-planning officials were unaware that his wife was not using an intrauterine device ("IUD"), in light of her monthly check-ups at the village clinic.  His challenge to that finding is that the IJ relied on the IJ's personal opinion about the type of examination conducted despite Li's presentation of contrary evidence that the checkups were limited to a determination whether his wife was pregnant.

Credibility determinations that are unsupported by the record and are based on pure speculation or conjecture will not be upheld.  *Mwembie v. Gonzales*, 443 F.3d 405, 410 (5th Cir. 2006).  The record reflects that in finding that Li's testimony on this point was implausible, the IJ based his decision on his experience in other cases involving the sterilization issue.  The IJ rejected Li's explanation that his wife's check-ups in the village clinic were limited to a determination whether she was pregnant, although it was a plausible explanation given that that determination could be made without an examination that would reveal the absence of an IUD.  Further, there was no evidence that Li's wife was subject to gynecological or physical examinations during those checkups.

There was not substantial evidence in the record to support the IJ's determination that Li's testimony about the limited nature of the checkups was incredible. That adverse credibility finding was not support by cogent reasons and thus was clearly erroneous. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Li argues that the IJ made his credibility determinations under the mistaken impression that Li had amended his asylum application, by the time of the hearing, to make himself eligible for relief under the intervening decision in *Matter of J-S-,* when he actually modified the application at the time of his asylum interview in July 2007. The decision in *Matter of J-S* declared that the spouse of a person who has been subjected to a forced abortion or sterilization procedure is not *per se* entitled to refugee status; those petitioners may still be able to show eligibility for relief, however, if they have been personally persecuted on the basis of their resistance to PRC's family planning policies. 24 I.&N. Dec. at 534. Li argues that, before the decision in *Matter of J-S-* on May 15, 2008, the transcript of his statement was changed to correct an erroneous translation that reflected that he had been advised by family-planning officer that only he was required to report for sterilization; the corrected statement reflects, however, that Li was actually told by the family-planning officers that either he or his wife had to report for sterilization.

During the hearings, the IJ made several references to *Matter of J-S-* and commented that the timing of the changes in the statement was significant in light of that case. But in his oral decision, the IJ made no express reference to *Matter of J-S-* in addressing the inconsistencies concerning the application of the sterilization requirement, and the IJ did not indicate that his findings were influenced by the timing of Li's modifications of the statement. Rather, the IJ discussed the inconsistencies in Li's statement and testimony about whether on August 13, 2006, the family planning officers instructed Li or his wife or both to undergo sterilization by September 15, 2006. The IJ's determination that Li

contradicted himself several times about who was to report for sterilization was not clearly erroneous, because the record reflected that Li gave several different responses to that question despite the IJ's repeated attempts to clarify Li's position as to what he was told by the officers.

Li did not provide compelling evidence that contradicted the IJ's findings of inconsistencies in his testimony concerning whether Li was personally subject to sterilization, which was a significant issue is determining whether he had a well-founded fear of future persecution and, thus, was an issue central to the heart of his claim. 8 U.S.C. § 1101(a)(42); *Matter of J-S*, 24 I.&N. Dec. at 542. In light of the deference due to the IJ's construction of the evidence, the IJ's credibility finding with respect to this testimony is supported by substantial evidence in the record and thus supports the adverse credibility finding. *Wang*, 569 F.3d at 538.

Other than the IJ's finding regarding the implausibility of Li's testimony that family-planning officers did not detect the absence of his wife's use of an IUD, Li has not challenged the other inconsistencies in the evidence relied on by the IJ. In making the adverse credibility determination, the IJ could consider those inconsistencies even if they did not go to the heart of his claims. 8 U.S.C. § 1158(b)(1)B)(iii). Because the totality of the circumstances does not compel a finding that Li was credible, this court must accept the adverse credibility determination of the IJ and BIA. *See Wang*, 569 F.3d at 538-39.

Li has not challenged the IJ's determination that his single arrest, overnight detention, and beating with a stick did not rise to the level of past persecution contemplated under the immigration statutes. In light of the adverse credibility finding that Li failed to present substantial evidence that he would be subject to sterilization if he returns to PRC, he failed to make a credible showing that he has a well-founded fear of future persecution based on his political opinion. Therefore, he did not demonstrate that he was entitled to asylum. *See Zhang*, 432 F.3d at 345. Because Li cannot meet the requirements for asylum,

he cannot meet the more stringent requirements for withholding of removal. *See Eduard v. Ashcroft*, 39 F.3d 182, 186 n.2 (5th Cir. 2004). Li has not challenged the IJ's and BIA's denial of his request for relief under the CAT, so he has abandoned that claim. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

Li argues that in making a credibility determination, the IJ did not consider his demeanor, responsiveness, or the evidence that he presented, because the hearing was conducted by video conference. Complaining that the hearing was plagued by communication and technical problems, he asserts that the video-conferencing format violated his due-process and statutory rights and led to the IJ's misinterpretation of the evidence, resulting in erroneous credibility findings.

Congress specifically authorized conducting removal proceedings by means of a video conference. *See* 8 U.S.C. § 1229a(b)(2)(A)(iii). During the proceedings, the petitioner must be provided with an "opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976). An IJ must conduct deportation hearings in accord with "due process standards of fundamental fairness." *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). Review of a claim of a due process violation is *de novo*, and to prove a claim, the alien must demonstrate substantial prejudice. *Id.*

Li has failed to show that he was prejudiced by the format because it affected the IJ's ability to recognize the date that his statement supporting his asylum was modified; the IJ did not even rely on the dates of the modification in reaching his decision to deny relief. Nor did the format affect the IJ's ability to observe Li's demeanor: Li was repositioned after his counsel complained so that the IJ could observe him during his testimony.

Further, in the absence of the IJ's making any findings concerning Li's demeanor, Li has not shown that he was prejudiced by any visual limitation arising from the format. Li's complaints about the communication and technological problems during the hearing were rebutted by the record, which reflects that

those issues were addressed during the hearing.

Li failed to show that he was prejudiced by the use of the video-conferencing format, because he did not establish that he was precluded from meaningfully presenting his case.  Thus, he did not demonstrate a due-process violation. *See Mathews*, 424 U.S. at 333-34; *Bouchikhi,* 676 F.3d at 180.

The petition for review is DENIED.