# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2013

No. 13-60102
Summary Calendar

Lyle W. Cayce
Clerk

JIN YAU CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 740 694

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jin Yau Chen, a native and citizen of China, was ordered deported in 2000, and his applications for asylum, withholding, and protection under the Convention Against Torture (CAT) were denied. Over 10 years later, Chen returned to the United States and filed a motion to reopen with the Board of Immigration Appeals (BIA), accompanied by an application for asylum, withholding, and relief under the CAT, claiming that reopening removal proceedings was warranted because he had converted to Christianity while

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

living in China and had allegedly suffered persecution in China on account of his religion. He asserted that if he returned to China, he would be arrested and sentenced to imprisonment.

The Board denied Chen's motion to reopen. The Board determined that Chen's motion to reopen was untimely and did not qualify for the exception to the time limit to apply for asylum based on changed country conditions. The Board found that Chen's evidence submitted in support of his claim was "unpersuasive." Specifically, the Board noted that the proffered evidence from China was not authenticated as required by regulations, or in any other manner, citing 8 C.F.R. § 287.6; *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (BIA 2010); *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); and *Matter of S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007)). Further, the Board found that it was unclear from the translated notice purportedly from the Jianguang Villagers' Committee as to who generated the notice and, "without further indicia of reliability," the Board found that it was unable to determine that this document carried Chen's burden of proof for reopening. The Board noted that Chen's employment termination notice was unsigned and unauthenticated, and that the letter from his friend who claimed to be an eyewitness to Chen's arrest was unsworn and was not subject to cross-examination. Addressing Chen's claim that he feared returning to China because the Chinese government was still looking for him, the Board stated that, in light of the earlier adverse credibility finding by the Immigration Judge (IJ), coupled with the lack of reliable evidence submitted with the motion to reopen, it found no reason to except Chen from the timeliness regulations set forth in 8 C.F.R. § 1003.2(c).

In his petition for review, Chen argues that the BIA abused its discretion in denying his motion to reopen because he submitted a prima facie case of past persecution in China and a well-founded fear of future persecution. He contends that the BIA abused its discretion in denying his motion to reopen on the ground

that he failed to carry his burden of proof because his documentary evidence was not authenticated. He states that he is willing to testify before the IJ concerning how and where he received the documents to prove they are genuine. He argues that it is unfair to deny his motion based on failure to authenticate documents because it is very difficult to get the Chinese government to cooperate in authenticating documents.

We have jurisdiction to review the denial of an untimely motion to reopen based on changed circumstances in the alien's home country. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard," upholding the Board's decision so long as it is not capricious, racially invidious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach. *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005). Motions to reopen must be "filed within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the filing periods are not applicable if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); § 1003.2(c)(3)(ii); *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).

Section 287.6(b)(1) of Title 8 of the Code of Federal Regulations provides that a foreign record "shall be evidenced by an official publication thereof, or by a copy attested by an officer so authorized." Chen does not dispute that the village certificate and his other documents were not authenticated as required by the regulation or in any other manner as found by the Board. He seeks to establish the reliability of the document by means of his testimony and other testimony and affidavits which he would present at a hearing before the IJ.

No. 13-60102

Chen could have provided this information in affidavits accompanying his motion to reopen. *See Chen v. Attorney General of U.S.*, 676 F.3d 112, 117 (3d Cir. 2011) (holding that the IJ and BIA properly discounted the village committee notice as unauthenticated, noting that the proper means of authentication would be an affidavit from the person by whom the document was obtained).

The BIA did not abuse its discretion in denying Chen's motion to reopen. *See Gen Lin v. Attorney General U.S.*, 700 F.3d 683, 686-88 (3d. Cir 2012) (holding that the BIA did not abuse its discretion in denying a motion to reopen on the ground that alien failed to properly authenticate documents he submitted to support his claim that he would be arrested if he returned to China because of his religious practices); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (BIA 2010) (holding that unsigned and unauthenticated letter from a village committee was entitled to minimal weight); *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Chen argues that the BIA denied him due process in failing to remand his case to the IJ for reception of evidence and testimony. Chen cannot establish a due process violation because the decision whether to grant a motion to reopen is purely discretionary, and "the denial of discretionary relief does not rise to the level of a constitutional violation even if the moving party had been eligible for it." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (internal quotation marks, citations, and brackets omitted).

PETITION FOR REVIEW DENIED.