# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2014

Lyle W. Cayce
Clerk

JINQUAN LIU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 089 523

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jinquan Liu, a native and citizen of China, petitions for review of the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Generally, we have authority to review only the decision of the Board of Immigration Appeals (BIA), but we will consider the decision of the immigration judge (IJ) if that decision influenced the BIA's determination. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60353

BIA agreed with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Findings of fact are reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We may not reverse factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

Liu argues that the IJ and the BIA erred in giving little weight to the documents that he submitted because they were not authenticated. He contends that the documents were consistent with his claims and overcame any inconsistencies in his testimony. The majority of the documents submitted by Liu were issued by foreign public agencies and were required to be authenticated in accord with 8 C.F.R. § 287(6)(b)(1). Further, insofar as the documents were not public documents, the IJ properly gave them minimal weight because Liu was personally unaware of their content or their source, and he did not provide the affidavit of any third party to validate the source or validity of the documents. *See Jin Yau Chen v. Holder*, ___ F. App'x ___, 2013 WL 6069399 (5th Cir. Nov. 19, 2013) (citing *Gen Lin v. Attorney General U.S.*, 700 F.3d 683, 688 (3d Cir. 2012)). Liu cannot rely on his counsel's failure to have the documents authenticated because Liu did not raise a claim of ineffective assistance of counsel in his appeal to the BIA; thus, we lack jurisdiction to consider that issue. S*ee Hernandez-Ortiz v. Holder*, 741 F.3d 644, 648 (5th Cir. 2014). There is substantial evidence in the record to support the IJ's determination that the documents submitted by Liu were not entitled to more than minimal weight.

According to Liu, the IJ erred in making an adverse credibility finding based on the inconsistencies between his narrative statement and his wife's statement in support of his applications and his testimony and his failure to

provide relevant documentary evidence that should have been reasonably available to him.  He contends that the IJ did not give proper consideration to his demeanor or to the plausibility of his explanations.

However, Liu failed to provide credible explanations for the inconsistencies and omissions, some of which went to the heart of his claims that he had a well-founded fear of future persecution if he returns to China.  The record reflects that the IJ considered Liu's testimony and gave specific reasons why it determined that Liu's statement of the events that occurred was not credible and did not establish the elements necessary for him to obtain asylum.  Based on the totality of the circumstances, a reasonable factfinder could have made an adverse credibility finding based on the inconsistencies between the statements supporting Liu's applications and Liu's testimony and failure to provide a credible explanation for the absence of relevant documentary evidence.  *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).

A further argument made by Liu is that the use of the video conference format made it difficult for the IJ to consider his demeanor and body language, to view the evidence, and to determine whether there were any discrepancies in the translation by the interpreter.  Congress specifically authorized conducting removal proceedings by means of a video conference.  *See* 8 U.S.C. § 1229a(b)(2)(A)(iii).  "During the proceedings, the [alien] must be provided with an 'opportunity to be heard at a meaningful time and in a meaningful manner.'"  *Deng Ming Li v. Holder*, 478 F. App'x 884, 887 (5th Cir. 2012) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976)).  Liu has not demonstrated that he was prejudiced by the proceedings being conducted by video conference.  It is clear from the hearing transcript and the IJ's decision that the IJ was familiar with Liu's testimony, that she clarified any inconsistencies in the translation, that she reviewed the exhibits submitted, and that she was aware of the modifications made by counsel to Liu's narrative statement during the hearing.  Substantial

evidence in the record supports the BIA's determination that the hearing was fundamentally fair and did not result in a due process violation.

Liu further asserts that there were some problems with the translation of the testimony, but he concurs with the BIA's determination that any possible errors had no effect on the IJ's decision.  Thus, he has conceded that he was not deprived of due process as a result of any faulty translation of the proceedings.

Contending that he made a credible showing of past persecution that gave rise to a well-founded fear of future persecution, Liu asserts that he is entitled to withholding of removal.  Because Liu failed to demonstrate that he was entitled to asylum, "[i]t necessarily follows that [he] failed to make the more stringent showing necessary to justify withholding of deportation." *Adebisi v INS*, 952 F.2d 910, 914 (5th Cir. 1992).  Substantial evidence in the record supports the denial of his application for withholding of removal.

Lastly, Liu argues that the IJ erred in determining that he had not met his burden of showing that he would be tortured if he is returned to China.  Liu reported only one act of physical abuse during his detention, which resulted in a fall and a head injury, but his testimony did not reflect that the officer intentionally inflicted severe pain or suffering upon him.  Nor has he shown that he was subject to any acts of extreme mental cruelty during or after his detention.  Even accepting his testimony concerning his treatment as credible, it did not reflect that he was subject to torture.  8 C.F.R. § 208.18(a)(1).  Nor has Liu presented evidence that would compel a reasonable factfinder to conclude that it is more likely than not that he will be subject to torture if he returns to China.  8 C.F.R. § 208.16(c)(2).  The finding that Liu is not entitled to protection under the Convention Against Torture is supported by substantial evidence in the record.

No. 13-60353

The petition for review is DENIED.