# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2007**

Charles R. Fulbruge III
Clerk

No. 06-61054
Summary Calendar

EUGENIO SANCHEZ-MENDOZA

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A35 864 771

Before REAVLEY, SMITH and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eugenio Sanchez-Mendoza (Sanchez) seeks a petition for review of the orders of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his motion for cancellation of removal under 8 U.S.C. § 1229b(a) and denying his motion to remand. The Government asserts that this court lacks jurisdiction over his challenges to the denial of cancellation pursuant to 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1252(a)(2)(B)(i). We retain jurisdiction to review "constitutional claims or questions of law." § 1252(a)(2)(D).

Sanchez contends that he was denied due process during his removal hearing because the immigration judge (IJ) improperly admitted testimony about uncharged sexual misconduct and allowed written statements from witnesses who were present in court and available for cross-examination. He also maintains that he was denied his right to fully cross-examine government witness Eloisa Ortega about a civil lawsuit she had filed against Sanchez and his wife. Sanchez has not established that he was denied a fair opportunity to be heard in the proceedings. See United States v. Lopez-Ortiz, 313 F.3d 225, 230 (5th Cir. 2002); Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990).

Sanchez asserts that the IJ violated his due process rights by wrongly determining that his wife's testimony was not credible and by finding that the uncharged sexual misconduct likely occurred. He maintains that the IJ and BIA failed to give sufficient weight to the hardships that would be faced by his adult daughter if he were removed. These are challenges to the ultimate decision to deny discretionary relief, which we cannot review. See § 1252(a)(2)(B)(i); Falek v. Gonzales, 475 F.3d 285, 289 n.2 (5th Cir. 2007). Moreover, Sanchez has not shown error in the agency analysis of witness credibility and the weighing of the relevant factors.

Sanchez contends that the BIA erred in denying his motion to remand the case to the IJ on the basis of an approved I-130 Petition for Alien Relative. He asserts that the BIA wrongly considers motions to reopen and motions to remand under the same standard. He also contends that even if the BIA applied the correct standard, it abused its discretion in denying the remand because it conflated the prima facie showing for relief with the determination whether the discretionary relief would be warranted. Sanchez has not established that the BIA abused its discretion. See Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). The petition for review is thus DENIED.