Donna SKEETE, Petitioner,

v.

**Michael B. MUKASEY,\* Attorney General of the United States, The Department of Homeland Security, and Immigration and Customs Enforcement (ICE), Respondents.**

Nos. 05–5991–AG, 07–0371–AG.

United States Court of Appeals, Second Circuit.

Dec. 10, 2007.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Jennifer Oltarsh, Oltarsh & Associates, P.C., New York, NY, for Petitioner.

Shane Cargo, Assistant United States Attorney (Beth E. Goldman, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY. for Respondent.

Present: DENNIS JACOBS, Chief Judge, BARRINGTON D. PARKER, RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Donna Skeete ("Skeete") petitions for review of final orders issued by the Board of Immigration Appeals ("BIA") denying a motion to reopen proceedings and affirming the Immigration Judge's ("IJ") denial of cancellation of removal, *In re Skeete*, No. A37 234 324 (B.I.A. Oct. 11, 2005), *aff'g* No. A37–234–324 (Immig. Ct. N.Y. City May 28, 2004), and denying a second motion to reopen proceedings, In *re Skeete*, No. A37–234–324 (B.I.A. Jan. 17, 2006).

■ We lack jurisdiction to review either (1) the BIA's October 11, 2005 affirmance of the IJ's May 28, 2004 order or (2) the BIA's January 17, 2006 denial of Skeete's motion to reopen (which was denied based on the merits of the underlying application for cancellation of removal). *See* 8 U.S.C. § 1252(a)(2)(B)(i) (removing this Court's jurisdiction to review "any judgment regarding the granting of relief under," *inter alia*, the cancellation of removal statute); *cf. Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir.2005) (holding that the BIA's denial of a motion to reopen, based on the merits of the underlying application for adjustment of status, was a discretionary decision "under" the

adjustment of status statute, and this Court therefore did not have jurisdiction over an appeal of the BIA's ruling).

■ We do, however, have jurisdiction to review Skeete's legal and constitutional claims that it was improper for the IJ and BIA to consider past arrests not resulting in criminal convictions when adjudicating her application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(D) (preserving for our review "constitutional claims or questions of law raised upon a petition for review").

■ Specifically, Skeete argues that the IJ violated her Fifth Amendment Due Process rights by inferring that she committed larceny from the mere fact that she was arrested for larceny, even though the conviction (on a plea) was for disorderly conduct.[1] But this does not accurately reflect the record. The IJ established facts beyond Skeete's plea to disorderly conduct (and her allocution), and, in so doing, established that Skeete (1) applied for the stolen computers on behalf of the school, (2) knew that her boyfriend had taken the computers to her apartment, and (3) agreed to be silent about the theft in response to her boyfriend's threats. It was no Due Process violation for the IJ then to conclude that Skeete was more deeply involved in the theft than she admitted during her cancellation proceedings.

■ We also have jurisdiction to consider the BIA's October 11, 2005 denial of Skeete's motion to reopen, which we review for abuse of discretion, see *Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir.2006). We cannot conclude that the BIA abused its discretion in determining that the evidence Skeete sought to introduce—*inter alia*, a doctor's note that predated the cancellation application, and the testimony

---

1. The parties submitted supplemental letter briefs on this point.

of Skeete's husband-was available at the time of the IJ's hearing.

We have considered Skeete's remaining arguments and find them to be without merit. For the reasons set forth above, the petition for review is hereby **DISMISSED** in part and **DENIED** in part.