# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1297

_____

Antonio Molina Solis,                     *
                                          *
            Petitioner,                   *
                                          *
       v.                                 *   Petition for Review of an
                                          *   Order of the Board of
Michael B. Mukasey,[1]                    *   Immigration Appeals.
Attorney General of the                   *
United States of America,                 *
                                          *
            Respondent.                   *


_____

Submitted: November 16, 2007
Filed: February 8, 2008

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

       Petitioner Antonio Molina-Solis (Solis), a citizen of El Salvador, sought withholding of removal and protection under the Convention Against Torture (CAT), contending that a return to El Salvador would subject him to likely harm or death due to his former membership in the country's military.  The Immigration Judge (IJ)

_____

[1]Michael B. Mukasey, now Attorney General of the United States, is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

denied both claims and was affirmed by the Board of Immigration Appeals (BIA). Solis petitions for review, arguing that the BIA committed legal error in affirming the IJ's decision. We deny the petition.

Solis, who is fifty years old, illegally entered the United States on three occasions, most recently in October 2005. He had previously been deported in 1992 after his first entry in 1989 and again in 1999 after he reentered the United States in 1993. Solis claims that he escaped from El Salvador because of political persecution inflicted on him by a terrorist guerrilla group for his membership in the armed forces of El Salvador from 1984 to 1987. Although he has never been personally harmed, Solis fears that he would be subjected to injury or death by the Mara Salvatrucha guerilla group if he were returned to El Salvador. Solis claims that his son was killed in 2003 and his wife raped in 1989 in retaliation for his former membership in the military.

In 1992 Solis was arrested in Oregon for attempting to sell cocaine to an undercover police officer. Solis entered a counseled plea of guilty to delivering a controlled substance in violation of Oregon state law; he received a probationary sentence and did not appeal his conviction. Despite this conviction, Solis claimed to the IJ in his current removal proceeding that he had in fact not attempted to sell cocaine but had merely been watching a bag for a stranger at the time the police searched it. Solis's account was contradicted by the police report, which stated that he had sold a powder that appeared to be cocaine to an undercover police officer for $40 and was later found to have that money and additional powder on his person. In light of the police report, the IJ found Solis's testimony about his arrest not credible.

Because the IJ determined that Solis had been convicted of a "particularly serious crime," he ruled that his application for withholding of removal was barred under the Immigration and Nationality Act § 241(b)(3). See 8 U.S.C. § 1231(b)(3)(B)(ii) (withholding of removal not required if "the alien, having been convicted by a final judgment of a particularly serious crime is a danger to the

community of the United States."). In doing so, the IJ analyzed the applicable law and determined that Solis's conviction did not warrant an exception under Matter of Y-L-, 23 I.&N. Dec 270 (BIA 2002), because he had been directly involved in the sale of drugs rather than being a peripheral participant. In Matter of Y-L-, 23 I.& N. Dec at 276, the BIA decided that a drug trafficking felony conviction presumptively constituted a particularly serious crime making aliens removable absent enumerated exceptional circumstances.[2]

The IJ also ruled in the alternative that Solis's withholding of removal claim would be denied even if he had not been convicted of a particularly serious crime, because he had not met his burden to show that he would more likely than not be persecuted on the basis of protected grounds upon his return to El Salvador. The IJ cited the lack of harm Solis suffered while living in El Salvador after his second deportation and the merely speculative evidence connecting the death of his son and the rape of his wife to his long ago military service. While the IJ credited Solis's testimony that he had served in the military in the 1980s and that his son was killed in 2003, he found that Solis had made no credible showing that the former guerillas are still intent on harming him fifteen years after the signing of the El Salvadoran peace accords, in particular because political violence in today's El Salvador appears more connected to right wing groups, which would have no incentive to kill Solis, a former soldier. The IJ also observed that Solis had never himself been the victim of any harm relating to his military service in El Salvador, despite living there for several years after his second deportation. Finally, the IJ denied Solis's claim under Article III of the CAT because he failed to show that he feared torture inflicted on him by the

---

[2]Such unusual circumstances must include at a minimum (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs; (3) merely peripheral involvement by the alien; (4) the absence of any violence or threat of violence associated with the offense; (5) the absence of any organized crime or terrorist organization involvement; and (6) the absence of any adverse or harmful effect of the activity on juveniles. Id. at 276-77.

government or with consent or acquiescence of public officials. See 8 C.F.R. § 1208.18(a)(1),(7).

In dismissing Solis's appeal, the BIA agreed with the IJ's determination that Solis was barred from withholding of removal due to his conviction for a particularly serious crime. The BIA also upheld the IJ's finding that even if Solis had not been barred, he failed to prove that it is more likely than not that he would be persecuted on protected grounds upon his return to El Salvador. Lastly, the BIA concluded that the IJ correctly ruled that Solis failed to meet his burden of proof on the CAT claim.

Solis argues that the IJ and the BIA committed legal error in concluding that he did not qualify for an exception under Matter of Y-L- as he was deemed to have been convicted of a particularly serious crime. Specifically, Solis contends that he was deprived of due process when the BIA and IJ credited the police report's description of his arrest over Solis's contrary testimony at his removal proceedings. The government submits that we lack jurisdiction to review the BIA's order of removal and denial of withholding under 8 U.S.C. § 1252(a)(2)(B)(ii) which precludes our review of decisions or actions of the Attorney General the authority for which this subchapter specifies as within his discretion.

Under § 1231(b)(3)(B)(ii) an alien is removable if the Attorney General decides that the alien, having been convicted by a final judgment of a particularly serious crime, is a danger to the community. Solis does not deny that he was convicted of an aggravated felony but disputes that the conviction constituted a particularly serious crime. See § 1101(a)(43)(B) (defining illicit trafficking in a controlled substance as an aggravated felony). An aggravated felony committed by an alien applying for withholding of removal is considered a particularly serious crime automatically, if the applicant was sentenced "to an aggregate term of imprisonment of at least five years." See § 1231(b)(3)(B). Furthermore, the Attorney General may determine that a conviction resulting in a sentence of fewer than five years was a particularly serious crime. Id.

Whether Solis's crime is considered particularly serious was determinable by the Attorney General since his drug conviction resulted in a sentence of less than five years. We may review this determination only to consider a constitutional claim or a question of law. See § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law . . .").

Since Solis makes a due process claim related to the IJ's determination that he was convicted of a particularly serious crime, we have jurisdiction to address that contention pursuant to § 1252(a)(2)(D). This conclusion is similar to the one reached by the Ninth Circuit in Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir. 2006), where there was jurisdiction to review the petitioner's claim that the BIA had not used the correct legal standard in reaching its conclusion that his aggravated felony was a particularly serious crime.[3] The Afridi court distinguished that issue from a petitioner's unreviewable claim attacking the merits of a BIA decision, citing Unuakhaulu v. Gonzales, 416 F.3d 931, 933 (9th Cir. 2005).

Solis's claim that the IJ and BIA deprived him of due process is without merit. Solis's argument that the police report of his 1992 drug arrest was inadmissible hearsay is inapposite; even hearsay would be admissible since the traditional rules of evidence do not apply in immigration proceedings. See Nyama v. Ashcroft, 357 F.3d 812, 816 (8th Cir. 2004) ("The sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair."). The police report was highly probative because it directly contradicted Solis's assertion about the circumstances of his drug arrest. Moreover, there is no basis to doubt the accuracy of

---

[3]The Third Circuit has taken a broader approach to reviewability. See Alaka v. Attorney General of the United States, 456 F.3d 88, 95 (3d Cir. 2006) (absence of explicit language granting Attorney General discretion to determine that an alien has been convicted of particularly serious crime permits appellate review of that determination).

the police report, especially since Solis pled guilty to the drug charges and has never before disputed the police report's veracity.

We review the denial of Solis's CAT claim for "whether the evidence was so compelling that a reasonable factfinder must have found the alien entitled to relief under the Convention." Ngure v. Ashcroft, 367 F.3d 975, 992 (8th Cir. 2004). To be entitled to protection under the CAT, Solis must show that it is more likely than not that he would be tortured in El Salvador "at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Official acquiescence requires a showing of prior awareness by a public official of torture and a breach of the official's legal responsibility to intervene to prevent such activity. 8 C.F.R. § 208.18(a)(7). The IJ and BIA considered the evidence and determined that Solis failed to meet his evidentiary burden under the CAT. See 8 C.F.R. § 208.16(c)(2). Although the government of El Salvador may struggle to control violence, there is no evidence in the record that government agents participate or acquiesce in possible torture perpetrated by others. See Menjivar v. Gonzales, 416 F.3d 918, 923 (8th Cir. 2005) (while the government of El Salvador may have a problem controlling gang activity of which it is aware, this is not sufficient to find torture by third parties). We thus conclude that substantial evidence supports the IJ's and BIA's determination that Solis was not eligible for relief under the CAT.

For these reasons we deny Solis's petition.

_____