# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60371
Summary Calendar

LUIS MARROQUIN-CASTRO, also known as Luis Manuel Marroquin

Petitioner

v.

ERIC H HOLDER, JR., U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 044 871

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Marroquin-Castro (Marroquin), a native and citizen of Mexico, seeks a petition for review of the order of the Board of Immigration Appeals (BIA) denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. We dismiss the petition in part for lack of jurisdiction and deny the petition in part.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We generally review only the BIA's decision except to the extent that the immigration judge's (IJ) decision influences the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). With respect to the determination that Marroquin failed to demonstrate that his children would suffer an "exceptional and extremely unusual hardship" as required under § 1229b(b)(1)(D), we lack jurisdiction to review this purely discretionary decision. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004). We reject Marroquin's attempt to recast what amounts to a disagreement with the weighing and consideration of the relevant factors by the BIA as a legal issue. *See Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006). To the extent that Marroquin challenges the discretionary denial of his request for cancellation of removal, we dismiss his petition for want of jurisdiction.

Marroquin's argument that the IJ's refusal to admit two handwritten statements violated his due process rights is unavailing. Our review of the record reveals that the IJ granted Marroquin an opportunity to correct the defects in the proffered evidence and also to present additional evidence; however, Marroquin failed to do so. In addition, Marroquin does not provide any evidence that he was prejudiced by the decision to exclude the letters or that the absence of the letters had a substantial effect on the outcome of his hearing. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 302 (5th Cir. 2002). Marroquin's due process claim is without merit. Accordingly, we deny his petition for review on this issue.

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.