**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60923

LONISE DEUS

Petitioner

v.

ERIC H. HOLDER, Jr., United States Attorney General

Respondent

Petition for Review of an Order of the Board of Immigration Appeals

Before GARWOOD, DAVIS, and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Petitioner, Lonise Deus, appeals from a final decision of the Board of Immigration Appeals that Petitioner is not eligible for cancellation of removal based on her failure to establish the required period of residency under INA Section 240A(a), 8 U.S.C. § 1229(a). We affirm.

I.

Deus is a native and citizen of Haiti where she was born on August 28, 1978. She entered the United States on November 8, 1979, illegally without inspection but apparently with her mother. Her mother was granted permanent resident status on that date when Deus was one year old. On May 10, 1996, when Deus was 17, she adjusted her status to that of a lawful permanent

resident. On May 5, 1999, Deus was convicted in Florida of two felony offenses: fraudulent use of a credit card and grand theft. Both are third degree felonies for which a sentence of one year or more could have been imposed. Deus was sentenced to six months deferred adjudication.

On March 25, 2005, Deus applied for naturalization with the U.S. Citizenship and Immigration services ("CIS") of the Department of Homeland Security ("DHS"). On May 1, 2006, the CIS denied the application because Deus did not establish good moral character. On June 19, 2006, removal proceedings were commenced against Deus by issuance of a Notice to Appear, alleging that she was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(I), as an alien convicted within 5 years of admission of a crime involving moral turpitude for which a sentence of one year may be imposed.

Deus attempted to seek cancellation of removal for lawful permanent residents under 8 U.S.C. § 1229b(a), alleging that she could establish the required 7 years of continuous residence after admission in any status by imputing her mother's residence to her. The statute she relies on provides:

> (a) Cancellation of removal for certain permanent residents. The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--
>> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b.

The Immigration Judge ("IJ") rejected this argument and the rationale of the Ninth Circuit case, *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005), on which Deus relied, finding that such imputation was not allowed by the language of the statute. Accordingly, the IJ denied Deus' application for

cancellation of removal. Deus then appealed to the Board of Immigration Appeals ("BIA"), which denied her appeal. The BIA explained that Deus' position was foreclosed by its precedent, and held that a parent's residence in the United States could not be imputed to an unemancipated minor to establish eligibility for cancellation of removal under that statute. Deus appeals.

## II.

This court reviews legal issues like the interpretation of statutes *de novo*. Applying *Chevron, U.S.A., Inc. v. NRDC.*, 467 U.S. 837 (1984), we subject the BIA's construction of the law it administers to a deferential review. *De Fuentes v. Gonzales*, 462 F.3d 498, 502 (5th Cir. 2006).[1]

> This review involves a two-step inquiry. First, we ask whether Congress has directly spoken to the precise question at issue. If Congress' intent is clear, the agency and the courts are bound to give effect to it. If the statute is silent or ambiguous with respect to the specific issue, we ask the second question, whether "the agency's answer is based on a permissible construction of the statute."

*Id*. (internal citations omitted). When determining whether "the agency's answer is based on a permissible construction of the statute", the Court "need not conclude that the agency construction was the only one it permissibly could have adopted, . . . or even the reading the court would have reached if the question initially had arisen in a judicial proceeding." *Chevron,* 467 U.S. at 843 n.11.

---

[1] *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999) ("It is clear that principles of Chevron deference are applicable to this statutory scheme. The INA provides that 'the Attorney General shall be charged with the administration and enforcement' of the statute and that the "determination and ruling by the Attorney General with respect to all questions of law shall be controlling." 8 U.S.C. § 1103(a)(1) (1994 ed., Supp. III). . . . The Attorney General, while retaining ultimate authority, has vested the BIA with power to exercise the 'discretion and authority conferred upon the Attorney General by law' in the course of "considering and determining cases before it" 8 CFR § 3.1(d)(1) (1998). Based on this allocation of authority, we recognized in *Cardoza-Fonseca*, supra, that the BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case adjudication'. 480 U.S. at 448-449.")

III.

As indicated above, Deus argues that the BIA erred in concluding that she was not eligible for cancellation of removal under § 1229b(a). Section 1229b(a) has three requirements for a permanent resident to be eligible for cancellation of removal: (1) lawful admission for permanent residence for not less than 5 years, (2) continuous residence in the United States for 7 years after admission in any status, and (3) no conviction of any aggravated felony. The immigration judge found that there is no question that Deus has been lawfully admitted as a permanent resident for not less than 5 years and that she has not been convicted of an aggravated felony.[2] The only issue in this case is whether Deus can demonstrate that she resided in the United States for a continuous seven year period after being admitted in any status. This requirement is at issue because, under 8 U.S.C. § 1229b(d)(1), a petitioner's period of continuous residence as required under § 1229b(a)(2) is deemed to end when, within five years after admission, the alien commits an offense involving moral turpitude for which a sentence of one year may be imposed. 8 U.S.C. § 1227(a)(2)(A)(i)(I). Petitioner raises no issue related to whether her convictions fall within this category.

The Immigration Judge found and the BIA agreed that because Deus entered the U.S. illegally, she was not "admitted in any status" until she adjusted her status to that of a lawful permanent resident on May 10, 1996. Her period of continuous residence was terminated when she committed a crime of moral turpitude on July 15, 1998, resulting in a period of residence far shorter than the required seven years.

Deus argues that she can meet the period of residency if her mother's period of lawful residence is imputed to her. The Ninth Circuit accepted this

---

[2] She achieved legal permanent residency in May 1996, more than 5 years before she applied for citizenship in March 2005.

argument in *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013 (9th Cir. 2005). Cuevas-Gaspar, like Deus, entered the United States with his parents when he was one year old. His mother later attained permanent resident status in 1990, when Cuevas was seven years old. Cuevas attained permanent resident status in 1997. In 2002, he pled guilty to being an accomplice in a residential burglary, which the Ninth Circuit held was a crime of moral turpitude. As in this case, the BIA rejected the argument that the petitioner satisfied the seven-year continuous residence requirement for cancellation of removal based on his presence as a minor child living with his lawfully-admitted parents. The Ninth Circuit recognized that Cuevas did not have lawful status prior to 1997. However, it held that he was eligible for cancellation of removal based on the imputation of his mother's period of residence while he was a minor from, 1990 until 2002.

The Ninth Circuit declined to give *Chevron* deference to the BIA's position. The court started with its decision in *Lepe-Guitron v. INS*, 16 F.3d 1021 (9th Cir. 1994), which held that "because a child's domicile follows that of his or her parents, the parents' domicile in the United States is imputed to the parents' unemancipated minor child for purposes of the seven years 'lawful unrelinquished domicile' required for discretionary waiver under the now-repealed INA § 212(c)." *Id*. at 1021. In *Lepe-Guitron* the Ninth Circuit observed that "immigration statutes and regulations are replete with provisions 'giving a high priority to the relation between permanent resident parents and their children,'" *Id*. at 1024.

Section 212(c), which is the statute interpreted in *Lepe-Guitron*, is the predecessor to the statute at issue in this case, § 1229b(a). Section 212(c) required a period of "lawful unrelinquished <u>domicile</u>" in order to qualify for relief from removal, whereas cancellation of removal under § 1229b(a) requires a period of <u>residence</u> "after having been admitted in any status." *Id*. (underlining

added). The term "admitted" is a defined term in the INA, defined as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* at 1022; 8 U.S.C. § 1101(a)(13). The Ninth Circuit rejected the BIA's argument that the requirement of admission into and residence in the United States, unlike domicile, does not depend on intent or capacity making imputation inapplicable to the new statute. Neither the statute nor the legislative history reveals why Congress changed the residency requirement from the "lawful unrelinquished domicile of seven consecutive years" under § 212 (c) to the requirements now in § 1229b(a) (permanent residence for five years or continuous residence after admission in any status for seven years). *Id.* The Ninth Circuit concluded that "the change in residency requirement was intended to clear up a longstanding disagreement between the various courts of appeals and the BIA regarding the type of status necessary to qualify for relief under former 212(c)." *Id.* A later decision by the Ninth Circuit describes its decision in *Cuevas-Gaspar* as imputing the parent's admitted status to the minor child. *Angel Wilfredo Barrios v. Eric H. Holder*, 2009 U.S. App. LEXIS 14147 (9th Cir. June 26, 2009).

At least one circuit court appears to agree with the BIA's position. In *Augustin v. AG of the United States*, 520 F.3d 264 (3d Cir. 2008), the Third Circuit held that the BIA's denial of cancellation of removal and its refusal to impute the father's years of residence was proper because it was a straightforward application of the statute's requirements. However in that case, the decision may have rested in part on the facts presented. Section 1229b(a) requires seven years of continuous residence, which is defined at 8 U.S.C. § 1101(a)(33) as a person's "principal, actual dwelling place in fact, without regard to intent." In *Augustin*, it was "undisputed that petitioner did not 'actual[ly] dwell' in the United States for seven continuous years before he committed the crime involving moral turpitude that cut off his period of continuous residence."

*Id.* at 269-70. Rather Augustin's parent had preceded him into the United States. The Third Circuit found that the goal of maintaining relationships between legal permanent resident parents and their minor children could not alone form the basis to find the BIA's unwillingness to read into the statute an exception to the requirements for cancellation of removal for minors whose parents precede them in immigrating to the United States. *Id.* at 270.

Although Deus' facts are distinguishable from those in *Augustin*, in that it appears that she did actually reside in the United States with her legal permanent resident parent while a minor, the Third Circuit also rejected other arguments that form the basis of the *Cuevas-Gaspar* decision on which Deus relies. It found no inconsistency between the BIA's refusal to impute a parent's permanent resident status and its consistent willingness to impute a parent's intent, state of mind, and status to a child, because the relevant inquiry under § 1229b(a), residence, presents no question regarding a minor's intention. Similarly, it found no correlation to cases interpreting former § 212 (c), because § 212(c) contained the term "domicile" which incorporates intent, whereas the current cancellation of removal provision rests on "residence" which is determined without regard to intent.

The Ninth Circuit's approach would take into account the fact that Deus has been in the United States since she was one year old, for a period during which she did not have control over her immigration status. However given the absence of support in the statutory language or legislative history that such time was intended to be counted towards the requirements of § 1229b(a), the BIA's interpretation is not inconsistent with the statute and therefore permissible under *Chevron's* deferential review. In short, § 1229b(a)(2) only counts the period of continuous residence in the United States after the petitioner has "been admitted in any status." Because Deus first entered the U.S. illegally, she was not "admitted" as that term is statutorily defined as requiring "inspection and

7

authorization by an immigration officer" until she was admitted as a legal permanent resident in 1996. Her conviction in 1999 cut off her period of residency, which was then too short to qualify for cancellation of removal under § 1229b(a). In addition, we find persuasive the rationale of the Third Circuit in *Augustin* rejecting the arguments relied upon by Deus and the Ninth Circuit in taking the opposite position.

IV.

For the foregoing reasons, the order of the BIA is AFFIRMED.