[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13950
Non-Argument Calendar
_____

Agency No. A030-583-818

MORTLEY SHEPHERD,
a.k.a. Mortley Shepheard,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 14, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Mortley Shepherd, an 82-year-old national of Trinidad and Tobago, seeks

review of the Board of Immigration Appeals' order denying his application for

cancellation of removal under 8 U.S.C. § 1229b(a).  Shepherd, who has an American citizen wife with serious health issues and three American citizen children, entered the United States as a lawful permanent resident in 1970.  More than three decades later, he was charged in Florida with sexually battering his ten-year-old foster daughter.  According to the probable cause affidavit underlying his arrest, the victim told the police that Shepherd had touched her vagina on three separate occasions, once with his hands and twice with his mouth.  When questioned by detectives, Shepherd denied having raped or molested his foster daughter.  But when asked if he had licked her vagina, he gave a series of oblique and equivocal responses, first stating that he could not recall, then asking what would happen if he had done so by accident, and finally asserting "not to [his] knowledge."

In 2004 Shepherd entered a guilty plea to an amended state information charging him with two counts of child abuse.  He later withdrew that plea and entered a new guilty plea to the same two counts of child abuse, but with the stipulation that his convictions did not constitute sexual abuse of a minor.  In December 2005, the Florida trial court entered an order finding Shepherd guilty of two counts of child abuse and expressly stating that he had not been convicted of "a crime of sexual abuse of a minor as defined under Florida Statute."

Shepherd was ordered removed from the United States for having been convicted of child abuse, see 8 U.S.C. § 1227(a)(2)(E)(i), and he sought cancellation of removal under 8 U.S.C. § 1229b(a), which grants immigration courts discretion to award such relief where a lawful permanent resident meets certain eligibility requirements and the balance of equities weighs in his favor. See 8 U.S.C. § 1229b(a); Matter of C-V-T-, 22 I. & N. Dec. 7, 10–11 (BIA 1998). In exercising that discretion, immigration courts "must balance the adverse factors evidencing the alien's undesirability as a permanent resident," including "the nature and underlying circumstances of the grounds of exclusion or deportation," with the "social and humane considerations presented in his (or her) behalf to determine whether the granting of relief appears in the best interest of this country." Matter of C-V-T-, 22 I. & N. Dec. at 11 (quotation marks and ellipsis omitted).

The immigration judge denied Shepherd's application for cancellation of removal, finding that the positive equities — Shepherd's advanced age, longtime residency in the United States, employment history, home ownership, family ties in the country, and the potential hardship to his ailing wife — were outweighed by his criminal conviction for child abuse and "the nature and underlying circumstances of that conviction," which the IJ determined to have involved Shepherd touching his foster daughter's vagina. The IJ reached that conclusion based on the probable

3

cause affidavit underlying Shepherd's arrest and Shepherd's own testimony during the removal proceedings that "one time [he] touch[ed] her vagina" and knew it "was wrong."

The BIA affirmed the denial of Shepherd's application, concluding that the IJ had "properly weighed and balanced the factors relevant to the exercise of discretion in this case" and that Shepherd's conviction for child abuse, including the facts underlying the offense, was "a very serious negative factor" that outweighed the positive equities. Although the BIA acknowledged that Shepherd's state court judgment clarified that he had not been convicted of sexually abusing a minor under Florida law, it found that the IJ properly considered the facts reflected in the probable cause affidavit and Shepherd's own admission that he touched his foster daughter's vagina.

## I.

Shepherd challenges the BIA's denial of his application for cancellation of removal on three grounds. First, he contends that the BIA violated his due process rights by failing to "give proper consideration to his claims" and failing to "provide a well-reasoned opinion" supporting its decision. Second, he maintains that the BIA clearly erred in finding that his child abuse conviction involved an offense "of a sexual nature," where the state court judgment clarified that his conviction did not constitute sexual abuse of a minor under Florida law. Shepherd suggests that

4

in reaching that conclusion, the BIA improperly "went beyond the evidence" and the state court judgment by considering the allegations set forth in the probable cause affidavit underlying his Florida arrest.  Finally, he contends that the BIA's finding that the positive equities in his case were outweighed by his convictions for child abuse was clearly erroneous and unsupported by the evidence.

We begin, as we must, by considering our jurisdiction to entertain Shepherd's petition for review.  See Keungne v. U.S. Att'y Gen., 561 F.3d 1281, 1283 (11th Cir. 2009).  We generally lack jurisdiction to review the denial of certain forms of discretionary relief, including cancellation of removal under 8 U.S.C. § 1229b(a).  See 8 U.S.C. § 1252(a)(2)(B)(i).  And though we retain jurisdiction to review "constitutional claims or questions of law" raised in a petition for review, id. § 1252(a)(2)(D), the scope of that jurisdiction extends only to genuine questions of law and colorable constitutional claims, meaning those that have "some possible validity."  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotation marks omitted).  Abuse of discretion arguments masquerading as constitutional or legal claims, as well as challenges to the evidentiary basis for a factual finding, are not sufficient to invoke our jurisdiction. See id. at 1284 ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb.") (quotation marks omitted); see also Alvarez Acosta v. U.S. Att'y Gen., 524

5

F.3d 1191, 1196–97 (11th Cir. 2008) ("[A] garden-variety abuse of discretion argument . . . does not amount to a legal question under § 1252(a)(2)(D)."); Garcia v. U.S. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003) (explaining that we lack jurisdiction to consider an argument that a factual finding "was not supported by evidence in the record").

Despite his repeated invocations of due process, Shepherd has not alleged a colorable constitutional claim because aliens do not "have a constitutionally protected interest in discretionary forms of relief," such as the grant of cancellation of removal, sufficient to implicate due process guarantees. See Guzman-Munoz v. U.S. Att'y Gen., 733 F.3d 1311, 1314 (11th Cir. 2013); see also Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) ("Because [the petitioner] has no constitutionally protected interest either in the granting of his motions or in adjustment of status, he cannot establish a due process violation based on the BIA's decisions."). Moreover, his challenges to the BIA's findings concerning the underlying facts of his child abuse offense and to its conclusion that the negative equities outweighed the positive ones do not raise legal questions sufficient to invoke our jurisdiction. See Arias, 482 F.3d at 1284 (explaining that a claim that the BIA erred in its "weighing of certain adverse and positive factors" is nothing more than an abuse of discretion argument challenging the BIA's "exercise of discretion"); Garcia, 329 F.3d at 1222 (explaining that a challenge to a factual

finding "is not reviewable by this Court as an exception to the jurisdictional bar").
We therefore lack jurisdiction to consider those arguments.

To the extent Shepherd contends that the BIA erred in looking beyond his judgment of conviction to determine the facts underlying his child abuse offense, that argument does raise a question of law over which we have jurisdiction. But it is a meritless argument. In deciding whether an alien warrants a favorable exercise of discretion, the BIA may consider evidence of criminal conduct or other unbecoming behavior, regardless of whether that conduct led to or is reflected in a criminal conviction. See Paredes-Urrestarazu v. INS, 36 F.3d 801, 810 (9th Cir. 1994) (holding that the BIA may "consider evidence of conduct that does not result in a conviction" in deciding whether to grant discretionary relief based on the balance of equities); Parcham v. INS, 769 F.2d 1001, 1005 (4th Cir. 1985) ("Evidence of an alien's conduct, without a conviction, may be considered in denying the discretionary relief of voluntary departure."); Matter of Thomas, 21 I. & N. Dec. 20, 23 (BIA 1995) ("In examining the presence of adverse factors on an application for discretionary relief, this Board has found it appropriate to consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction . . . ."). And in deciding whether to grant cancellation of removal, the BIA has held that immigration courts should consider, among other things, "the nature and underlying circumstances of the grounds of

7

exclusion or deportation," the nature and seriousness of an alien's criminal record, and "the presence of other evidence indicative of [the alien's] bad character or undesirability as a permanent resident of this country." Matter of C-V-T-, 22 I. & N. Dec. at 11.

For these reasons, Shepherd's petition for review is dismissed in part and denied in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**