**John J. TENORIO, also known as John Jairo Tenorio, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 13–60782.

United States Court of Appeals, Fifth Circuit.

March 13, 2015.

Raed Gonzalez, Esq., Senior Attorney, Gonzalez Olivieri, L.L.C., Houston, TX, for Petitioner.

Edward Earl Wiggers, Esq., Tangerlia Cox, Kerry Ann Monaco, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before STEWART, Chief Judge, and BARKSDALE and GRAVES, Circuit Judges.

PER CURIAM: *

John J. Tenorio ("Tenorio") petitions for review of the Board of Immigration Appeals ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision denying his application for cancellation of removal pursuant to 8 U.S.C. § 1229b. Tenorio argues that the IJ exceeded his authority by requiring him to produce police reports related to his past criminal conduct in order to corroborate his testimony regarding the circumstances of those incidents. For the following reasons, we DENY the petition for review.

## FACTUAL AND PROCEDURAL BACKGROUND

Tenorio is a native and citizen of Ecuador and became a lawful permanent resident in 1998. In December 2012, the Department of Homeland Security initiated removal proceedings against Tenorio as a result of a recent conviction for possession of cocaine, which rendered Tenorio removable pursuant to Section 237 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227. Tenorio conceded his removability and applied for discretionary cancellation of removal pursuant to Section 240A(a) of the INA, 8 U.S.C. § 1229b(a).

During the ensuing removal proceedings, Tenorio testified about the circumstances underlying a number of previous incidents of criminal conduct, all of which had resulted in formal charges and a final disposition and which Tenorio had disclosed in his application for discretionary relief. These incidents included a 2003 deferred adjudication to assault charges arising from a domestic dispute with his then-girlfriend; a 2005 conviction for driving while under the influence; a 2007 de-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ferred adjudication for possession of one to four grams of cocaine; and a 2012 conviction for possession of less than one gram of cocaine. In each instance, Tenorio pleaded guilty to the charges against him.

Pursuant to Section 101(d)(2) of the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1229a(c)(4)(B) and (C), the IJ ordered Tenorio to produce police reports underlying each of the four incidents to assist him in evaluating Tenorio's testimony. In response, Tenorio produced the police reports related to his 2007 deferred adjudication but objected to the production of any other reports. In support of this objection, Tenorio argued that police reports are based on inadmissible hearsay, are inherently unreliable, and were therefore not appropriately considered in evaluating his application. The IJ overruled Tenorio's objection.

Despite the IJ's ruling, Tenorio refused to produce the additional investigatory records. As a result, in evaluating Tenorio's application, the IJ concluded that he was unable to fully credit Tenorio's testimony regarding his past criminal conduct and determined that Tenorio's criminal history was a highly adverse factor weighing against discretionary relief. The IJ then went on to consider this factor among various other favorable and adverse equitable considerations and denied Tenorio's application.

Tenorio appealed the IJ's decision to the BIA reasserting his argument that the IJ exceeded his authority in requiring him to provide police reports related to his past criminal conduct. The BIA affirmed the IJ's decision finding that the REAL ID Act permits an IJ to require an alien to submit evidence to corroborate his testimony and holding, based on its own precedent, that police reports are admissible in removal proceedings to the extent that they are relevant to the exercise of equitable discretion.

## DISCUSSION

Although we generally review only the decision of the BIA on petitions for review, we may review an IJ's findings and conclusions where the BIA adopts them. *Wang v. Holder,* 569 F.3d 531, 537 (5th Cir.2009); *Hadwani v. Gonzales,* 445 F.3d 798, 800 (5th Cir.2006) (per curiam). We review legal issues, such as the interpretation of statutes, *de novo;* however our court gives deference to the BIA's interpretation of immigration statutes as appropriate. *See Rodriguez–Avalos v. Holder,* 780 F.3d 308, 312–13 (5th Cir.2015); *Deus v. Holder,* 591 F.3d 807, 809 (5th Cir.2009).

Tenorio argues that the BIA erred in affirming the IJ's authority to require the submission of police reports in adjudicating an application for cancellation of removal. He claims that 8 U.S.C. § 1229a(c)(4), which was passed as part of the REAL ID Act of 2005 and governs the procedures attendant to relief from removal proceedings, limits the kind of evidence that an IJ may require from an applicant. Tenorio locates the scope of the IJ's authority with respect to this issue at 8 U.S.C. § 1229a(c)(4)(B), which speaks to the burden of proof an alien must satisfy in establishing entitlement to discretionary relief including cancellation of removal, and provides:

(B) Sustaining burden

The applicant must comply with the applicable requirements to submit information or documentation in support of the applicant's application for relief or protection as provided by law or by regulation or in the instructions for the application form. In evaluating the testimony of the applicant or other witness in support of the application, the immigration judge will determine whether or

not the testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant has satisfied the applicant's burden of proof. In determining whether the applicant has met such burden, the immigration judge shall weigh the credible testimony along with other evidence of record. Where the immigration judge determines that the applicant should provide *evidence which corroborates otherwise credible testimony,* such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence.

(emphasis added). Tenorio interprets the phrase "corroborates otherwise credible testimony" as precluding an IJ from requiring the production of investigatory documents such as police reports because such documents are inherently unreliable and non-corroborative.

▮ As a threshold matter, we must ensure that we possess jurisdiction to review this issue. Because this case involves the granting of discretionary relief under 8 U.S.C. § 1229b, the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(i) is implicated. *See Hadwani,* 445 F.3d at 800; *Rueda v. Ashcroft,* 380 F.3d 831, 831 (5th Cir.2004) (per curiam); *Mireles–Valdez v. Ashcroft,* 349 F.3d 213, 215–16 (5th Cir.2003). "This provision strips us of jurisdiction over those decisions that involve the exercise of discretion." *Rueda,* 380 F.3d at 831. The provision is limited, however, by subsection (a)(2)(D), which preserves jurisdiction to review "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D); *Sung v. Keisler,* 505 F.3d 372, 377 (5th Cir.2007); *see also Delgado–Reynua v. Gonzales,* 450 F.3d 596, 599 (5th Cir.2006) ("[The REAL ID Act] amended the INA to limit appellate jurisdiction over petitions for review in cases [involving discretionary relief] ... to solely constitutional claims or questions of law." (internal quotations omitted)). Accordingly, we must decide whether the decision Tenorio challenges is discretionary or presents a question of law.

Tenorio challenges the BIA's determination that police reports are generally admissible in proceedings involving an alien's application for discretionary relief. That decision was based on the BIA's construction of the REAL ID Act and its interpretation of its precedent with respect to this issue. Such a challenge is not premised upon the manner in which the IJ utilized his discretion in Tenorio's particular case but the more general threshold question of whether an IJ exceeds his or her authority under the REAL ID Act by requiring an applicant to produce a category of evidence in a discretionary proceeding. Accordingly, Tenorio's petition presents a question of law over which we have jurisdiction to review. *See Marroquin v. Holder,* 322 Fed.Appx. 409, 409–10 (5th Cir. 2009) (per curiam) (reviewing a due process challenge to proceedings brought under 8 U.S.C. § 1229b based on an IJ's refusal to admit certain documentary evidence during the hearing); *Sanchez–Mendoza v. Gonzales,* 250 Fed.Appx. 602, 603 (5th Cir.2007) (per curiam) (reviewing a due process challenge to proceedings brought under 8 U.S.C. § 1229b based on an IJ's admission of testimony and limitation of cross-examination); *Delgado–Reynua,* 450 F.3d at 600 (reviewing a challenge to the denial of discretionary relief under INA Section 212(c) to the extent it challenged whether the BIA exceeded its legal authority); *see also Solis v. Mukasey,* 515 F.3d 832, 835 (8th Cir.2008) (determining that the court possessed jurisdiction to consider a due process challenge to the IJ's consideration of a police report in determining that the petitioner was con-

victed of a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii)); *Skeete v. Mukasey,* 256 Fed.Appx. 438, 440 (2d Cir. 2007) (summary order) ("We ... have jurisdiction to review [petitioner's] legal and constitutional claims that it was improper for the IJ and BIA to consider past arrests not resulting in criminal convictions when adjudicating her application for cancellation of removal.")

■ Having satisfied ourselves that we possess jurisdiction, we turn to the merits of Tenorio's petition. After conceding that he was subject to removal, Tenorio sought discretionary relief as a lawful permanent resident under subsection (a) of Section 1229b. Under subsection (a), entitled, Cancellation of removal for certain permanent residences:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>
> (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
>
> (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
>
> (3) has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a). There is no dispute that Tenorio satisfied the three required elements of this subsection. Satisfaction of those elements, however, merely permitted Tenorio to apply for discretionary relief. *See Holder v. Martinez Gutierrez,* — U.S. —, 132 S.Ct. 2011, 2015, 182 L.Ed.2d 922 (2012); *Deus,* 591 F.3d at 809–10. Tenorio's burden of establishing that his application should be granted in the Attorney General's exercise of equitable discretion remained. *See* 8 C.F.R. § 1240.8(d); *Sorcia v. Holder,* 643 F.3d 117, 119 (4th Cir.2011) ("[E]ven where statutory eligibility is established, an IJ

retains discretion to grant or deny an application for cancellation of removal, and the applicant must establish that he warrants the relief sought." (citing *In re C–V–T,* 22 I. & N. Dec. 7 (BIA 1998))). It is in this context that Tenorio's challenge must be analyzed.

The BIA has previously considered the role of police and arrest records in discretionary proceedings. *See, e.g., In re Teixeira,* 21 I. & N. Dec. 316, 321 (BIA 1996); *In re Thomas,* 21 I. & N. Dec. 20, 22–24 (BIA 1995); *In re Grijalva,* 19 I. & N. Dec. 713, 715–16, 722–24 (BIA 1988). "When deciding whether to grant [discretionary] relief," an IJ considers a host of equitable factors and "'must balance the adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf.'" *Molenda v. I.N.S.,* 998 F.2d 291, 295 (5th Cir.1993) (quoting *Matter of Marin,* 16 I. & N. Dec. 581, 584 (BIA 1978)). "In examining the presence of adverse factors on an application for discretionary relief, [the BIA] has found it appropriate to consider evidence of unfavorable conduct, including criminal conduct which has not culminated in a final conviction for purposes of the Act." *In re Thomas,* 21 I. & N. Dec. at 23. This includes the consideration of "police reports concerning [the] circumstances of [an] arrest." *In re Teixeira,* 21 I. & N. Dec. at 321.

In addition, the BIA has recognized that there are limitations in considering this evidence of alleged criminality. *See In re Thomas,* 21 I. & N. Dec. at 24–25. Thus, in determining the probative value of such evidence, the BIA has instructed that "[w]hen an alien's conduct results in his having had contact with the criminal justice system ... the nature of those contacts and the stage to which those proceedings have progressed should be taken into account and weighed accordingly."

*Id.* at 24. Prior to the passage of the REAL ID Act, circuit courts that considered the BIA's reliance on this class of evidence in the discretionary context have approved of the BIA's practice. *See, e.g., Henry v. I.N.S.,* 74 F.3d 1, 5–7 (1st Cir. 1996) (upholding the BIA's consideration of a 1992 arrest for allegedly assaulting a police officer, which the BIA considered but gave little weight, in denying the petitioner's request for adjustment of status); *Paredes–Urrestarazu v. I.N.S.,* 36 F.3d 801, 810 (9th Cir.1994) ("[W]e think that the breadth of the section 212(c) [discretionary] inquiry permits the Board to consider evidence of conduct that does not result in a conviction."); *Junkovic v. Moyer,* No. 90–3749, 1991 WL 225803, at \*3–4 (7th Cir. Nov. 4, 1991) (unpublished) (permitting consideration of "rap sheets" for "the sole purpose of determining whether discretion should be exercised"); *Parcham v. I.N.S.,* 769 F.2d 1001, 1005 (4th Cir. 1985) ("Evidence of an alien's conduct, without a conviction, may be considered in denying the discretionary relief of voluntary departure."); *see also Shepherd v. U.S. Att'y Gen.,* 559 Fed.Appx. 837, 840 (11th Cir.2014) (per curiam) ("In deciding whether an alien warrants a favorable exercise of discretion, the BIA may consider evidence of criminal conduct or other unbecoming behavior, regardless of whether that conduct led to or is reflected in a criminal conviction."); *Carcamo v. U.S. Dep't of Justice,* 498 F.3d 94, 98 (2d Cir. 2007) ("[P]olice reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief.").[1]

Tenorio, however, argues that the REAL ID Act has limited the kind of evidence an IJ may require. Specifically, Tenorio contends that the phrase "corroborates otherwise credible evidence" in Section 1229a(c)(4)(B) imposes a reliability limitation on such evidence, which *per se* precludes an IJ from requiring the production of police reports. The BIA considered Tenorio's argument with respect to this statutory language and rejected it in light of its longstanding precedent. Given the deference we owe to the BIA's construction of the laws it administers, we uphold the BIA's construction of the REAL ID Act and its rejection of Tenorio's challenge.

Section 1229a(c)(4)(B) does not specifically limit the kind of evidence an IJ may require in determining whether an applicant merits equitable relief. Thus, while we agree that the word "corroborates" implies some reliability constraints, we defer to the BIA's interpretation of this language as it is both a permissible construction of the statute and comports with the BIA's longstanding precedent. *See Rodriguez–Avalos,* 2015 WL 965598, at \*2–3.

---

1. Discretionary cases, in which the BIA has considered documents such as police reports, are distinct from cases in which mandatory immigration consequences flow from an alien's conviction of a statutorily enumerated crime. For example, "[u]nder the immigration statutes ... the Attorney General's discretion to cancel the removal of a person otherwise deportable does not reach a convict of an aggravated felony." *Lopez v. Gonzales,* 549 U.S. 47, 50, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) (citing § 1229b(a)(3)). In such a circumstance, "[w]hen the Government alleges that a state conviction qualifies as an aggravated felony under the INA, we generally employ a categorical approach ... [in which] we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder,* —— U.S. ——, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) (internal quotations and citations omitted). That is not the circumstance of this case.

Indeed, we presume that Congress was aware of the BIA's longstanding precedent, which permitted reliance on this class of evidence, when it enacted the provision of the REAL ID Act on which Tenorio relies. *See Mississippi ex rel. Hood v. AU Optronics Corp.,* — U.S. ——, 134 S.Ct. 736, 742, 187 L.Ed.2d 654 (2014); *Lorillard v. Pons,* 434 U.S. 575, 580, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978); *Silva–Trevino v. Holder,* 742 F.3d 197, 202 (5th Cir.2014). Had Congress wanted to preclude the BIA from considering police reports when exercising discretion, we would expect it to have spoken more directly to the issue at hand. *See Silva–Trevino,* 742 F.3d at 202.

Further, the BIA's interpretation of subsection (c)(4)(B) is strengthened when it is read in conjunction with subsection (c)(4)(C). Subsection (c)(4)(C) was also enacted as part of the REAL ID Act. The subsection provides guidance with respect to the criteria an IJ may consider in making credibility determinations in discretionary proceedings. In pertinent part, subsection (c)(4)(C) permits an IJ to consider

> the inherent plausibility of the applicant's or witness's account, *the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made),* the internal consistency of each such statement, the consistency of such statements with other evidence of record ... and any inaccuracies or falsehoods in such statements....

8 U.S.C. § 1229a(c)(4)(C) (emphasis added). The fact that subsection (c)(4)(C) permits recourse to such a broad swath of documentary evidence in the IJ's credibility determination further indicates that subsection (c)(4)(B) does not limit the evidence an IJ may require in the manner Tenorio argues. Accordingly, we hold that 8 U.S.C. § 1229a(c)(4)(B) does not impose a *per se* bar on the production of police reports in discretionary removal proceedings. We therefore affirm the BIA's decision that the IJ did not exceed his authority in requiring Tenorio to produce police reports in adjudicating his application for cancellation of removal.

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.