# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2023

Lyle W. Cayce
Clerk

————————

No. 20-61130

————————

Rene Flores-Valle,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A074 087 091

————————————————————

Before Richman, *Chief Judge*, and Jones and Ho, *Circuit Judges*.

Per Curiam:[*]

Rene Flores-Valle, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of his application for cancellation of removal.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61130

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and this court will not disturb such findings unless the evidence compels a contrary conclusion. *Id.* at 517–18. This court reviews the BIA's legal conclusions and its consideration of constitutional claims de novo. *See Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

Flores-Valle argues that the BIA's decision was made ultra vires because it was signed by a temporary board member whose term had expired and is therefore legally invalid. This court considered an identical ultra vires argument in *Carreon v. Garland*, _ F.4th _, 2023 WL 4004120 (5th Cir. June 15, 2023). There, as here, the petitioner conceded "that the Attorney General has authority to renew the terms of temporary BIA members." *Id.* at *3; *see also* 8 C.F.R. 1003.1(a)(4). This court took judicial notice of the temporary BIA members' reappointment paperwork, which showed that the members in question "were reappointed by the Attorney General, not the Director." *Id.* Thus, the petitioner's argument collapsed. Here, the government also submits the temporary board member's reappointment paperwork showing that the member was reappointed by the Attorney General to a new six-month term. This term covered the decision under review, a fact that fatally undermines Flores-Valle's argument.

Flores-Valle further argues that the BIA violated his right to due process by adopting the IJ's decision to admit evidence alleging Flores-Valle's involvement in extraneous criminal offenses. In particular, he challenges the admission of Form I-213, prepared by the Department of Homeland Security (DHS), and a report from the Polk County Sheriff's

Department.[1]

This court has "long accepted" that Form I-213s "are admissible in civil removal proceedings." *United States v. Noria*, 945 F.3d 847, 859 (5th Cir. 2019). Further, the BIA has made clear that "admission into the record of the information contained in . . . police reports is especially appropriate in cases involving discretionary relief from deportation, where all relevant factors concerning an arrest and conviction should be considered to determine whether an alien warrants a favorable exercise of discretion." *Matter of Grijalva*, 19 I. & N. Dec. 713, 722 (BIA 1988); *see also Tenorio v. Holder*, 603 F. App'x 283, 287 (5th Cir. 2015).

Applying these principles, Flores-Valle has failed to show that the IJ's admission of the DHS Form I-213 and the Polk County Sheriff's Department report, even without the opportunity for cross-examination, violated due process.[2] The documents are fundamentally fair and probative, which is the test for admissibility of evidence in immigration proceedings. *See Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). The documents, which were prepared in the ordinary course of business by public officials, are also reliable. *See Noria*, 945 F.3d at 859. Further, the IJ considered the documents in determining whether Flores-Valle's application for cancellation of

_____

[1] Though Flores-Valle states that he is also challenging the admission of a report from the Federal Bureau of Investigation on due process grounds, he does not raise any specific argument related to the admission of that document in the body of his brief. As such, he has abandoned any such argument for failure to brief it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

[2] Despite complaining about his inability to cross-examine the drafters of the DHS Form I-213 and the Polk County Sheriff's Department report, Flores-Valle never sought to subpoena them as witnesses. Though he claims that his attorney "went so far as to make a written and oral motion requesting that the IJ subpoena the officers who prepared the reports," his citation to the record does not support his contention that any such motions were made.

removal should be granted as a matter of discretion, a context in which the BIA has held that the admission of police reports into the record is "especially appropriate." *Matter of Grijalva*, 19 I. & N. Dec. at 722.

Flores-Valle also argues that by admitting the documents into evidence, the IJ departed from established agency procedures for the admission of evidence and violated his right to due process. He claims that the Government should have submitted the documents earlier in the removal proceedings, and he points to the Chapter 3.1(b)(ii)(A) of the Immigration Court Practice Manual, which states that supporting documents must be filed no later than 15 days prior to the final merits hearing, unless provided as rebuttal evidence. Flores-Valle has not shown that the IJ acted contrary to agency procedures in admitting the documents. The Government sought to introduce the DHS Form I-213 and the Polk County Sheriff's Department report as rebuttal evidence to show that Flores-Valle was hiding his involvement in the drug trafficking activities mentioned in the documents.[3]

Finally, Flores-Valle argues that his appearance by video conference at his merits hearing violated his constitutional rights to access the courts and to confer with counsel and that the cumulative effect of the constitutional errors in his removal proceedings warrant reversal of the BIA's decision. Though Flores-Valle's argument "is couched in terms of due process" it is in fact a procedural issue "that the BIA has adequate mechanisms to address and remedy." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2000). Moreover, the BIA has decided that no constitutional due process issue arises from using a video link to facilitate his participation. *Matter of R-C-R,* 28 I.&N. Dec. 74

---

[3] Even if the documents were not proper rebuttal evidence, the 15-day deadline Flores-Valle relies on applies only to individual hearings involving non-detained aliens, and Flores-Valle was detained during the course of his removal proceedings. *See* Chapter 3.1(b)(ii)(B) of the Immigration Court Practice Manual.

4

No. 20-61130

(BIA 2020)(three-Member decision).   Flores -Valle cites no federal court precedent contrary to this holding, we are aware of none, and we find no error. *See Jinquan Liu v. Holder,* 566 F. App'x 333, 334 (5th Cir. 2014). Because none of Flores-Valle's alleged constitutional errors have merit, he has not shown that reversal of the BIA's decision is warranted based on the cumulative effect of such errors.

The petition for review is DENIED.